Per Curiam.

The intent was to convey the whole lot. It referred to the map.(a) When the quantity of acres is *617 mentioned, *it is only as descriptive of the lot [*494] according to common acceptation. The non suit must be set aside.
Nonsuit set aside.

 Where lands had been settled under a survey by a deputy from, the surveyor-general, but upon a wrong line, and the patents for those lands, without specifying metes and bounds, courses or lines, but described them by a reference to a map in the office of the secretary of state “ as there known and distinguished,” it was ruled that the locations should be corrected by the map referred to. Jackson v. Hunter, 1 Johns. Rep. 495. The words “ more or less” are held to be matter of mere description; therefore, if a man convey his land specifying the quantity 100 acres “be it more or less,” if it turn out only 60 acres, even equity will not relieve the vendee, for it is his own laches. Anon. 2 Freem. 106. So if lands be mentioned in a conveyance as containing so many acres, “ by estimation," for a small quantity over, the *617 purchaser is not liable, nor the vendor for a small deficiency. Sir Cloudesly Shovel v. Bogan, 2 Eq. Ca. Ab. 688, pl. 1. How much wiU be covered by the words more or less is not accurately defined. In a lease of ten acres if they fall short three, the lessee, it is said, must be content. Day v. Fin, Owen, 133. On the other hand, if it specify the land by name, and add “containing 10 acres,” when in truth it contains 20, the whole will pass. Thetford v. Thetford, Savil, 114. We have ruled that a conveyance of a lot by name, “as said to contain 600 acres, be the same more or less,” is a performance of the condition of a bond to convey that lot “containing 600" acres, though the lot fell short 125 acres. Mann & Toles v. Pearson, 2 Johns. Rep. 37. Note, the consideration money paid was a gross sum, not a certain sum, at and after the rate of so much per acre.
See also Van Wyck v. Wright, 18 Wend. 157; Root v. Puff, 3 Barb. Sup, J. Rep. 353; Luce v. Carley, 24 Wend. 451; Lush v. Druse, 4 Wend. 313. Jackson v. McConnell, 19 Wend. 175; Jackson v. Banenger, 15 J. R. 471 Mann v. Pearson, 2 J. R. 37.